IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNESTO JOSE CHAVEZ RODRIGUEZ, | Civil No. 3:16-cv-2531 |
| Plaintiff | (Judge Mariani) |
| v. | |
| UNITED STATES BUREAU OF PRISONS, *et al.*, | |
| Defendants | |

## MEMORANDUM

### I. Background

Plaintiff Ernesto Jose Chavez Rodriguez ("Plaintiff"), an inmate who, at all relevant times, was housed at the United States Penitentiary in Allenwood, Pennsylvania, ("USP-Allenwood"), commenced this *Bivens*[1], 28 U.S.C. § 1331, civil rights action on December 22, 2016. (Doc. 1). Named as Defendants are the Federal Bureau of Prisons, Michael Magyar, Assistant Health Services Administrator, L.J. Oddo, Warden, and James Potope, Health Services Administrator. (*Id.*).

On March 2, 2017, Defendants filed a motion to dismiss and for summary judgment. (Doc. 14). On March 7, 2017, Defendants filed a brief in support of their motion to dismiss

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

and for summary judgment, and a statement of material facts. (Docs. 16, 17).

On March 20, 2017, the Court granted Plaintiff's motion for extension of time to file a brief in opposition to Defendants' dispositive motion, and to file a response to the statement of material facts. (Doc. 20). On April 17, 2017, Plaintiff filed a responsive statement of material facts. (Doc. 22). On October 17, 2017, Plaintiff filed a brief in opposition to Defendants' motion to dismiss and for summary judgment, and an additional responsive statement of material facts. (Docs. 36, 37).

On August 24, 2017, Plaintiff filed the instant motion for leave to amend the complaint. (Doc. 27). In his motion, Plaintiff seeks to add three new Defendants and new claims pertaining to the events in the original complaint. (Docs. 27, 28). For the reasons that follow, Plaintiff's motion will be granted.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course within 21 days of serving it, or 21 days after the service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). In all other circumstances, a party may amend its pleading only with the opposing party's written consent or with leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 embodies a liberal approach to amendment and specifies that "leave shall be freely given when justice so requires." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990);

2

FED. R. CIV. P. 15(a)(1)(2). "An applicant seeking leave to amend a pleading has the burden of showing that justice requires the amendment." *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 497 (E.D. Pa. 2001); *see Garvin v. City of Phila.*, 354 F.3d 215, 222 (3d Cir. 2003) (explaining that a plaintiff must show that the elements of Rule 15(c) are met in order to change the party or the naming of the party against whom claims are asserted).

"The policy favoring liberal amendment of pleadings is not, however, unbounded." *Dole*, 921 F.2d at 487. Factors which may weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff's initial complaint was filed on December 22, 2016. (Doc. 1). Defendants filed their motion to dismiss and for summary judgment on March 2, 2017. (Doc. 14). On March 7, 2017, Defendants filed a brief in support of their motion to dismiss and for summary judgment. (Docs. 16, 17). Plaintiff's motion for leave to amend the complaint was not filed until August 24, 2017, past the time period allotted for filing an amended complaint as a matter of course. (Doc. 27). Plaintiff has not obtained the opposing parties' written consent thus, at this point, Plaintiff is required to request leave of court to file such a pleading. *See* FED. R. CIV. P. 15(a)(2).

In the proposed amendment to the complaint, Plaintiff seeks to three new Defendants, namely, C. Craig, Brian Buschman, and T. Wickam, and additional claims related to claims in the original complaint. (Doc. 27). Defendants oppose Plaintiff's request to amend, and argue that the motion to amend is untimely and prejudicial. (Doc. 30),

Prejudice may result under Rule 15(a) when a proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted). Leave to amend should be granted unless equitable considerations render it otherwise unjust. *Arthur v. Maersk Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citations omitted). Factors that may justify denying leave to amend are undue delay, bad faith, and futility. *Id.*

In the case at bar, Plaintiff has not acted with dilatory motive or repeated and unjustified failures to amend. Instead, Plaintiff has been fairly diligent in the prosecution of his case. Plaintiff asserts that he did not discover the names of the proposed new Defendants until he reviewed medical records. Upon review of the relevant medical records, Plaintiff learned that other individuals, namely Craig, Buschman, and Wickman, were allegedly involved in his medical care at USP-Allenwood, thus prompting him to file the instant motion to amend. Plaintiff's request to amend does not appear to be motivated by some improper purpose such as purposeful delay or bad faith. Although Plaintiff did not name Craig, Buschman, and Wickman as parties at the outset of the case, the record

demonstrates that he took affirmative steps soon thereafter to determine their identities and to amend the complaint accordingly. His delay cannot be considered "undue."

Additionally, Plaintiff's proposed amendments contain the same substantive claims as those set forth in his original complaint. Because the proposed amendments to the complaint do not affect the substance of the alleged actions in the complaint, Defendants would not be prejudiced by granting the amendment because it would not force them to change any potential defenses. Furthermore, counsel for Defendants acknowledge that "[t]he new defendants listed in Rodriguez's proposed amended complaint would be entitled to the same arguments submitted for the Original Defendants." (Doc. 30, at 1-2). Therefore, the Court finds that granting Plaintiff leave to amend would not result in prejudice to any of the Defendants.

Based on the foregoing, Plaintiff's request for leave to amend the complaint will be granted. A separate Order will issue.

Date: February 16, 2018

Robert D. Mariani
United States District Judge